UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BERNARD LEWIS,

         Plaintiff,

    -against-

ALBERT ANTHONY HATEM, ESQ.; LEON SIMON;  :
GRACE EDWARD-SIMON; SOPHIA L. TROTT, ESQ.; :
NORMA EDWARDS; URY ABRAHAM LEID, ESQ.;  :
ASHLEY MANCINI; and STATEWIDE ABASTRACT :
CORP,

         Defendants.  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

19 Civ. 6446 (GBD) (KHP)

GEORGE B. DANIELS, United States District Judge:

   *Pro se* Plaintiff Bernard Lewis brings this action against Defendants Albert Anthony
Hatem, Leon Simon, Grace Edward-Simon, Sophia L. Trott, Norma Edwards, Ury Abraham Leid,
Ashley Mancini, and Statewide Abastract Corp., asserting five causes of action for: (1) negligence
against Defendants Mancini, Edwards, Trott, and Statewide (Count I); (2) violation of New York
Judiciary Law § 487 for deceit and collusion to deceive the state court as to Defendants Hatem and
Leid (Count II); (3) violation of the Racketeer Influenced and Corrupt Organizations Act
("RICO"), 18 U.S.C. § 1961 *et seq.*, as to all Defendants, to the extent they allegedly committed
mail and wire fraud in connection with their conspiracy to steal property from Plaintiff (Count III);
(4) conversion against Simon and Edward-Simon (Count IV); and (5) intentional infliction of
emotional distress against all Defendants (Count V). (*See* Compl., ECF No. 2.) Defendants
Hatem, Simon, Edwards-Simon, Edwards, and Statewide (collectively, the "Simon Defendants")
move to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Federal Rules of
Civil Procedure 12(b)(1), for insufficient service of process pursuant to Rule 12(b)(5), and for
failure to state a claim pursuant to Rule 12(b)(6). (*See* Simon Defs.' Mot. to Dismiss, ECF No. 7;

Mem. of Law in Supp. of Simon Defs.' Mot. to Dismiss, ECF No. 7-4.) Plaintiff moves to strike the Simon Defendants' motion. (*See* Pl.'s Mot. to Strike, ECF No. 13; Mem. of Law in Supp. of Pl.'s Mot. to Strike, ECF No. 14.) Further, Plaintiff moves to disqualify Hatem as counsel for the Simon Defendants and requests a ruling on an order to show cause for a preliminary injunction and a temporary restraining order ("TRO"). (Pl.'s Order to Show Cause, ECF No. 3; First Mem. of Law in Supp. of Pl.'s Order to Show Cause, ECF No. 20; Second Mem. of Law in Supp. of Pl.'s Order to Show Cause, ECF No. 49.)

Before this Court is Magistrate Judge Katherine H. Parker's December 23, 2019 Report and Recommendation (the "Report"), recommending that the Simon Defendants' motion to dismiss be granted and that Plaintiff's motions to strike and to disqualify Hatem as counsel for the Simon Defendants be denied.[1] (Report, ECF No. 53, at 14–15.) Magistrate Judge Parker advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 15.) Plaintiff filed timely objections. (Pl.'s Objs. to R. & R., ECF No. 55.) Having reviewed Magistrate Judge Parker's Report, as well as Plaintiff's objections and the Simon Defendants' responses, this Court ADOPTS the Report in full and OVERRULES Plaintiff's objections.

## I.   FACTUAL BACKGROUND

This action arises out of a dispute over a two-family home located in the Bronx (the "Property"), which Plaintiff Lewis purchased in 1995. (Compl. ¶¶ 14–94.) Plaintiff permitted his wife's cousin, Defendant Simon, and his then-girlfriend but now wife, Defendant Edwards-Simon, to live at the Property. (*Id.* ¶¶ 15–18.) Plaintiff allegedly entered into a use-and-occupancy

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

agreement wherein Defendant Simon would pay rent corresponding to the amount of the monthly mortgage payments. (*Id.* ¶¶ 18–19.) Several years later, in response to Plaintiff's request, Defendant Simon started making the monthly mortgage payments to GMAC Mortgage Corporation in Plaintiff's stead. (*Id.* ¶ 20.)

In 2013, Defendants Simon and Edwards-Simon initiated an adverse possession lawsuit in New York state court in order to obtain title over the Property, which is currently pending. (*Id.* at ¶ 25; *Simon and Edwards Simon v. Lewis*, Index No. 305209/2013, New York Supreme Court, Bronx County.) Plaintiff retained Defendant Leid as counsel, but later fired him. (*Id.* ¶¶ 29, 39.) In 2018, Plaintiff, proceeding *pro se*, filed a motion to dismiss the action, but the state court denied it. (*Id.* ¶¶ 53, 59.) Plaintiff asserts that he was not properly served with Defendants Simon and Edwards-Simons' opposition brief and that Defendant Mancini completed a false affidavit of service of the brief. (*Id.* ¶¶ 54–62.) Defendant Harem began representing Defendants Simon and Edward-Simons shortly thereafter. (*Id.* at ¶ 63.)

Plaintiff commenced an eviction action in New York Housing Court against Defendants Simon and Edwards-Simon in 2019, but the state court judge presiding over the adverse possession action enjoined the eviction action. (*Id.* ¶¶ 70–78.) Subsequently, in an effort to resolve the dispute over who owns the Property, Plaintiff initiated this action against: (1) Leid, his former attorney in the adverse possession action; (2) members of the Simon family—that is, Simon, Edwards-Simon, and Edwards, the mother of Edwards-Simon; (3) Hatem, the Simon family's current attorney in the adverse possession action; (4) Statewide, a company that provides a virtual office for Hatem; (5) Trott, Simon and Edwards-Simon's attorney, who prepared a deed transferring title to a home they own in Mount Vernon, New York to Edwards; and (6) Mancini who allegedly executed a false affidavit of service concerning a brief in the adverse possession action. (*See id.*)

## II.   LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Rule 12(b)(1) Lack of Subject Matter Jurisdiction.

"[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it

exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see also Whitmore v. Ark.*, 495 U.S. 149, 154 (1990) ("It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."). In deciding a 12(b)(1) motion, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *NRDC v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (citation omitted). "[U]nder Rule 12(b)(1), [a court is] permitted to rely on non-conclusory, non-hearsay statements outside the pleadings[.]" *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013).

## C. Rule 12(b)(5) Insufficient Service of Process.

In evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, "a [c]ourt must look to matters outside the complaint to determine whether it has jurisdiction." *Mende v. Milestone Tech.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (citation omitted). When a defendant challenges the sufficiency of service of process pursuant to Rule 12(b)(5), the plaintiff bears the burden of proving that service of process was adequate. *Id.* (citation omitted). However, where the defendant has not been served nor waived service, a court cannot exercise personal jurisdiction over the defendant. *Felix v. City of Poughkeepsie*, No. 16 Civ. 1131 (NSR), 2019 WL 5306981, *5 (S.D.N.Y. Oct. 18, 2019) (noting that the court cannot properly exercise personal jurisdiction over defendants since no defendant has ever been served with summons or waived such service).

## D. Rule 12(b)(6) Failure to State a Claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff

5

must demonstrate "more than a sheer possibility that a defendant has acted unlawfully[;]" stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).[2]

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

## III.    PLAINTIFF FAILS TO STATE A CLAIM

Magistrate Judge Parker correctly found that Plaintiff fails to state a valid RICO claim and that this Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff objects to Magistrate Judge Parker's findings, but because his objections largely repeat the arguments that he made in his original briefs that the Magistrate Judge already fully reviewed and considered, they are perfunctory, and need be reviewed only for clear error.

---

[2] "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Fishbein v. Miranda,* 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

## A. Plaintiff's Claims Against Defendants Hatem and Lewis are Dismissed Since Service was Improper.

Magistrate Judge Parker properly recommended that dismissal of Plaintiff's claims against Defendants Hatem and Statewide is warranted pursuant to Rule 12(b)(5). (Report at 8.) Indeed, Plaintiff acknowledges that he never served them with the complaint. (Pl.'s Opp'n to Simon Defs' Mot. to Dismiss, ECF No. 15, at 2 ("Albert Anthony Hatem and Statewide Abstract Corp were not served with a summons and complaint").) Accodingly, Plaintiff's claims against Defendants Hatem and Statewide are dismissed.

## B. This Court has Federal Question, but not Diversity Jurisdiction.

Magistrate Judge Parker correctly found that this Court has subject matter jurisdiction over Plaintiff's Federal claims against the Simon Defendants based on federal question jurisdiction. (Report at 8–9.) Plaintiff also argues that this Court has subject-matter jurisdiction on the basis of: (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332; and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Compl. ¶ 2.) Section 1332 provides, in relevant part, that "[the] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $ 75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). "'Citizens of different States' means that there must be complete diversity, *i.e.*, that each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (citations ommitted). A party's citizenship is determined by his domicile. *See Cornwall Mgmt. Ltd. v. Thor United Corp.*, No. 12 Civ. 8551 (LLS), 2013 WL 5548812, at *3 (S.D.N.Y. Oct. 8, 2013) ("For purposes of diversity jurisdiction, it is domicile that determines citizenship."). Domicile requires a party's physical presence in a state and the intent to remain in that state indefinitely. *Id.*

7

According to the complaint, Plaintiff lives in New York, while each of the Simon Defendants lives and/or works in New York. (Compl. ¶¶ 4–12.) Thus, as Magistrate Judge Parker appropriately determined, "Plaintiff has failed to demonstrate complete diversity of citizenship insofar as he and multiple defendants reside in New York and there is no indication that any have plans to leave New York." (*Id.*) Accordingly, this Court lacks subject-matter jurisdiction over this action based on diversity jurisdiction. "Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1331, federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff's invokes federal question jurisdiction under RICO, 18 U.S.C. § 1962(c). (Compl. ¶ 1.) As such, this Court has subject-matter jurisdiction over this action based on federal question jurisdiction.

## C. Plaintiff's RICO Claim is Dismissed.

Magistrate Judge Parker properly held that Plaintiff fails to sufficiently allege any claim of RICO violation. (Report at 9–12.) To establish a valid claim under RICO, a plaintiff must allege: "'(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962.'" *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013) (quoting *DeFalco v. Bernas*, 244 F.3d 286, 305 (2d Cir. 2001)). To establish a violation under Section 1962, a plaintiff must show "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *DeFalco*, 244 F.3d at 306). A "pattern of racketeering activity" is defined by RICO as "at least two acts of racketeering activity" within a ten-year period. 18 U.S.C. § 1961(5). To establish a pattern of racketeering activity, a plaintiff must show two or more predicate acts that

8

"pose a threat of continuous criminal activity" and are "related to each other." *Reich v. Lopez*, 858 F.3d 55, 59 (2d Cir. 2017) (citations omitted).

Here, as noted in the Report, Plaintiff fails to "plausibly plead the existence of a criminal enterprise or a pattern of racketeering activity." (Report at 11.)   Plaintiff's "accusation of a conspiracy to steal his property is nothing more than speculation, unsupported by any facts." (*Id.*) Namely, Plaintiff fails to identify specific predicate acts Defendants allegedly violated. (*Id.*) Further, as the Report properly found, Plaintiff "fails to provide facts that would plausibly support an inference that link all of the defendants to a criminal enterprise." (*Id.* at 11–12.)   Therefore, Plaintiff's RICO claim is dismissed because Plaintiff fails to sufficiently plead either a pattern of racketeering activity or the existence of a criminal enterprise, which are essential elements of a RICO claim.

### D. Plaintiff's State Claims are Dismissed.

Magistrate Judge Parker properly found that, because Plaintiff fails to state any claim under federal law, this Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and appropriately recommended that the state law claims be dismissed without prejudice. (Report at 12–13); *see also, e.g., Agostinello v. Great Neck Union Free Sch. Dist.*, 353 F. App'x 589, 591 (2d Cir. 2009) (explaining that a district court may "properly decline[ ] to exercise supplemental jurisdiction over [a plaintiff's] state law . . . claim" where it has "dismissed all claims over which it ha[s] original jurisdiction") (internal citations omitted).   As such, Plaintiff's state law claims are dismissed without prejudice.

### IV.   PLAINTIFF'S MOTIONS ARE DISMISSED

As to Plaintiff's motion to strike the Simon Defendants' motion to dismiss, Magistrate Judge Parker properly held that it was essentially an opposition to the motion. (*Id.* at 13.)

Accordingly, Plaintiff's motion to strike is denied. With respect to Plaintiff's application for a preliminary injunction and TRO, Magistrate Judge appropriately found that it "was not filed in conformance with Local Rules" and "the relief it seeks is contrary to the Anti-Injunction Act." (*Id.* at 14.) Therefore, Plaintiff's request for injunctive relief is denied. Finally, Magistrate Judge Parker appropriately recommended that Plaintiff's motion to disqualify Hatem be denied as moot because Plaintiff merely "regurgitates the same accusations of misconduct by Hatem" from his complaint. (*Id.*) Accordingly, Plaintiff's motion to disqualify Hatem is denied.

## V.   CONCLUSION

Magistrate Judge Parker's Report is ADOPTED. Defendants' motion to dismiss, (ECF No. 7), is GRANTED.[3] Plaintiff's motions to strike and to disqualify counsel for the Simon Defendants, (ECF Nos. 13, 14, and 20), as well as his request for a preliminary injunction (ECF Nos. 3, 49), are DENIED.

The Clerk of Court is directed to close the motions accordingly, and to mail a copy of this memorandum decision and order to Plaintiff at 4818 Wilder Avenue Bronx, New York 10470.

Dated: New York, New York
      March 31, 2020

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[3] Particularly, Plaintiff's federal claim (Count III) is dismissed with prejudice. Plaintiff's state law claims (Counts I, II, IV, and V) are dismissed without prejudice.