DOC #:
DATE FILED: AUG 1 7 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERNARD LEWIS,

Plaintiff,

-against-

SOPHIA L. TROTT, ESQ.; URY ABRAHAM LEID, ESQ.; and ASHLEY MANCINI,

Defendants.

MEMORANDUM DECISION AND ORDER

19 Civ. 6446 (GBD) (KHP)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Bernard Lewis brought this action against Defendants Albert Anthony Hatem, Leon Simon, Grace Edward-Simon, Sophia L. Trott, Norma Edwards, Ury Abraham Leid, Ashley Mancini, and Statewide Abastract Corp. ("Statewide"), asserting that Defendants, *inter alia*, conspired to deprive him of a property that he allegedly owns in the Bronx. (*See* Compl., ECF No. 2, at 1.) On March 31, 2020, this Court adopted Magistrate Judge Katharine H. Parker's December 23, 2019 Report and Recommendation ("Report I") that Plaintiff's claims against Hatem, Simon, Edwards-Simon, Edwards, and Statewide be dismissed, among other recommendations.[1] (*See* Mem. Decision and Order, ECF No. 67.)

Defendant Leid now moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). (*See* Notice of Mot. to Dismiss, ECF No. 44; Mem. of Law in Supp. of Mot. to Dismiss ("MTD"), ECF 44-8, at 1.) Before this Court is Magistrate Judge Parker's January

[1] Accordingly, Plaintiff's remaining claim is for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, as to the remaining Defendants, Leid, Trott, and Mancini, to the extent they allegedly committed mail and wire fraud in connection with their conspiracy to steal property from Plaintiff. (*See* Compl. at 22–28.)

30, 2020 Report and Recommendation ("Report II"), recommending that Defendant Leid's motion to dismiss for lack of subject matter jurisdiction be denied and his motion to dismiss for failure to state a claim be granted, (Report II, ECF No. 60, at 2), as well as Magistrate Judge Parker's March 23, 2020 Report and Recommendation ("Report III"), recommending *sua sponte* that Plaintiff's claims against Defendants Trott and Mancini be dismissed as frivolous, (Report III, ECF No. 66, at 2).[2] Magistrate Judge Parker advised the parties that failure to file timely objections would constitute a waiver of those objections on appeal. (Report II. at 14.; Report III at 7.) No objections were filed by Defendants. Plaintiff filed timely objections to both Report II and Report III. (*See* Pl.'s Objs. to the Second R. & R., ECF No. 61; Pl.'s Objs. to the Third R. & R., ECF No. 68.) Defendant Leid filed timely responses to Plaintiff's objections. (Response to Pl.'s Objs. to Mag. J. Katharine H. Parker's R. & R., ECF No. 63.) Having reviewed Magistrate Judge Parker's Report II and Report III, as well as Plaintiff's objections to Report II and Report III, this Court ADOPTS Report II and Report III and OVERRULES Plaintiff's objections.

## I. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own,

[2] The relevant factual and procedural background is set forth in greater detail in Report II and Report III and is incorporated by reference herein.

independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS) (KNF), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

**B. Rule 12(b)(1) Lack of Subject Matter Jurisdiction.**

"[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see also Whitmore v. Ark.*, 495 U.S. 149, 154 (1990) ("It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."). In deciding a 12(b)(1) motion, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *NRDC v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (citation omitted). "[U]nder Rule 12(b)(1), [a court is] permitted to rely on non-conclusory, non-hearsay statements outside the pleadings[.]" *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013).

**C. Rule 12(b)(6) Failure to State a Claim.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).[3]

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

## II. PLAINTIFF FAILS TO STATE A CLAIM

Magistrate Judge Parker correctly found that Plaintiff fails to state a valid RICO claim and Defendant Leid's argument for lack of subject matter jurisdiction is unwarranted. (Report II at 5,

---

[3] "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Fishbein v. Miranda*, 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

10–12.) Plaintiff objects to Magistrate Judge Parker's Rule 12(b) findings, but because his objections largely repeat the arguments that he made in his original briefs that Magistrate Judge Parker already fully reviewed and considered, they are perfunctory, and need be reviewed only for clear error.

**A. Defendant Leid's Lack of Subject Matter Jurisdiction Argument Fails.**

Magistrate Judge Parker rejected Defendant Leid's lack of subject matter jurisdiction argument. (Report II at 5–9.) Defendant Leid argues that this Court lacks subject matter jurisdiction to hear Plaintiff's claims given this action arises out of the same set of facts as the adverse possession action that is currently pending in New York Supreme Court. (MTD at 10.) In support of his argument, Defendant relies on two abstention doctrines: the *Younger* abstention doctrine and the *Colorado River* abstention doctrine. (*Id.* at 10–11.)

Under the *Younger* abstention doctrine, a federal court is barred from exercising jurisdiction over a matter where "(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003) (citation omitted). Here, as Magistrate Judge Parker accurately determined, the *Younger* abstention doctrine does not apply. Although Defendant Leid claims that this action is barred because of the pending state court action, Magistrate Judge Parker appropriately held that *Younger* "generally require[s] the state to be a party," but that the "state is not a party in either action." (Report II at 7 (citing *Wilmington Trust, Nat'l Ass'n v. Estate of McClendon*, 287 F. Supp. 3d 353, 362 (S.D.N.Y. 2018)).) Accordingly, the *Younger* abstention doctrine is not appropriate here.

Defendant Leid also asserts that this Court lacks subject matter jurisdiction under the *Colorado River* abstention doctrine, "which allows federal courts to abstain from hearing an action which is being heard in a different jurisdiction." (MTD at 11 (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976))). Actions are parallel when substantially the same parties contemporaneously litigate substantially the same issues in another forum. *Ambac Assurance Corp. v. U.S. Bank Nat'l Ass'n*, 328 F. Supp. 3d 141, 154 (S.D.N.Y. 2018) (citing *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)). Defendant Leid contends that because "the [adverse possession action] is a first-filed parallel action in Bronx County Supreme Court [it] presents a 'substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" (MTD at 11 (citation omitted).) Magistrate Judge Parker correctly found that the "adverse possession action is not a parallel state court action" as "[n]one of the claims in this action are asserted in the adverse possession action." (Report II at 7–8.) Therefore, the *Colorado River* abstention doctrine also does not apply here. As such, Defendant Leid's motion to dismiss for lack of subject matter jurisdiction is denied.

**B. Plaintiff's RICO Claim is Dismissed.**

Magistrate Judge Parker properly recommended that Plaintiff's RICO claim be dismissed since he failed to "plead the existence of a criminal enterprise or a pattern of racketeering activity." (Report II at 10.) To establish a valid claim under RICO, a plaintiff must allege: "'(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962.'" *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013) (quoting *DeFalco v. Bernas*, 244 F.3d 286, 305 (2d Cir. 2001)). To establish a violation under Section 1962, a plaintiff must show "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting

*DeFalco*, 244 F.3d at 306). A "pattern of racketeering activity" is defined by RICO as "at least two acts of racketeering activity" within a ten-year period. 18 U.S.C. § 1961(5). To establish a pattern of racketeering activity, a plaintiff must show two or more predicate acts that "pose a threat of continuous criminal activity" and are "related to each other." *Reich v. Lopez*, 858 F.3d 55, 59 (2d Cir. 2017) (citations omitted).

Here, Plaintiff's "accusation of a conspiracy to steal his property is nothing more than speculation, unsupported by any facts." (Report II at 11.) Magistrate Judge Parker correctly noted that it is unclear what Leid allegedly did as part of an alleged RICO conspiracy given "Plaintiff's complaints about Leid pertain to his failure to adequately represent Plaintiff in the state court action." (*Id.*) Moreover, "Plaintiff provides no facts to support his conclusory allegation that Leid conspired with Plaintiff's counsel to fix the state court action." (*Id.*) Additionally, "the outcome of the state action is not yet determined." (*Id.* (citations omitted).) Thus, because Plaintiff fails to sufficiently plead either a pattern of racketeering activity or the existence of a criminal enterprise, Plaintiff's RICO claim against Defendant Leid is dismissed.

## III. CLAIMS AGAINST DEFENDANTS TROTT AND MANCINI ARE FRIVOLOUS

As to Plaintiff's claims against Defendants Trott and Mancini, Magistrate Judge Parker properly held that "Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely." (Report III at 5 (citations omitted).) "District courts have the authority to dismiss an action *sua sponte*, even if the *pro se* litigant has paid the filing fee." *Gottlieb v. Ford*, 633 F. App'x 38, 38–39 (2d Cir. 2016) (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000)); *see also Brady v. Associated Press Telecom*, No. 16 Civ. 9693 (GBD) (KNF), 2017 WL 532405, at *2 (holding that "this Court has the inherent authority to *sua sponte* dismiss the claims against Defendant . . . as frivolous."). Specifically, an action "is

frivolous when either (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is 'based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (cleaned up).

Here, "[Defendant] Mancini simply signed an affidavit of service and Defendant Trott merely completed a deed for a property not at issue in this case." (Report III at 5.) With respect to Plaintiff's RICO claim against Defendants Trott and Mancini, Plaintiff must plead "a violation of the RICO statute, injury, and that the injury was caused by violation of the RICO statute." (*Id.* (citing *Kim*, 884 F.3d at 103 (citations omitted).) Here, Plaintiff has failed to show that Defendants Trott and Mancini were involved in a conspiracy in any way. (*Id.*) Indeed, Plaintiff's claims are baseless and are thereby dismissed as frivolous.

**IV. CONCLUSION**

Magistrate Judge Parker's Reports, (ECF Nos. 60, 66), are ADOPTED. Defendant Leid's motion to dismiss for failure to state a claim, (ECF No. 44), is GRANTED. Claims against Defendants Trott and Mancini are dismissed *sua sponte*. The Clerk of Court is directed to close the motions and this case accordingly. The Clerk of Court is to mail a copy of this memorandum decision and order to Plaintiff at 4818 Wilder Avenue Bronx, New York 10470.

Dated: New York, New York
August 17, 2020

SO ORDERED.

GEORGE B. DANIELS
United States District Judge